UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN LOBELLO, | : | |
| Petitioner, | : | Civ. No. 22-2906 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is proceeding through counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings, this Court has screened Petitioner's § 2255 motion for dismissal and determined that dismissal is warranted. However, Petitioner may elect to file a petition for writ of coram nobis in his underlying federal criminal action.

Petitioner pled guilty to a federal drug possession charge in the 1980's. He received a suspended sentence along with three years of probation that began in 1987 and ended in 1990. Petitioner explains he was under the impression based on the ineffective advice of his counsel at the time that this conviction would be dismissed and sealed after he completed probation.

In February, 2022, Petitioner applied for a gun permit which was denied based on his federal drug conviction. Petitioner states he is entitled to challenge his federal drug conviction in this § 2255 action because collateral consequences remain associated with that conviction.

Petitioner is mistaken that he can bring a § 2255 motion at this time because he is no longer in custody based on the challenged underlying federal criminal conviction. Instead, he

must bring a petition for writ of error *coram nobis* in his criminal action for the reasons discussed below.

"The writ of *coram nobis* was available at common law to correct errors of fact, ... was allowed without limitation of time for facts that affect the 'validity and regularity' of the judgment, and was used in both civil and criminal cases." *United States v. Morgan*, 346 U.S. 502, 507 (1954) (footnotes and citations omitted). More recently, it has been used as a means of collaterally attacking a criminal conviction for a person who is no longer "in custody" and who therefore cannot seek habeas relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. *See Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013). *Coram nobis* fills in this gap. *See United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011); *see also Mendoza v. United States,* 690 F.3d 157, 159 (3d Cir. 2012) (internal quotation marks and citation omitted) ("The rare remedy of a writ of error coram nobis may be used to attack allegedly invalid convictions which have continuing consequence, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255.") The power and authority to issue the writ emanates from the All Writs Act, 28 U.S.C. § 1651. *See Morgan*, 346 U.S. at 506-507.

As Petitioner is no longer in custody pursuant to his federal drug conviction, he must proceed with a writ of error *coram nobis* rather than this § 2255 action. Petitioner though requests that he be allowed to amend his filing as one seeking *coram nobis* relief should this Court determine, as it has, that § 2255 is inappropriate in this instance. This Court though will not allow Petitioner the opportunity file an amended petition in this *civil* action. Indeed, "the writ [of coram nobis] is only available in criminal proceedings, as the Federal Rules of Civil Procedure have abolished the use of the writ of *coram nobis* in civil cases." *United States v. Bikundi*, Crim. No. 14-30-2, 2021 WL 3403936, at *2 (D.D.C. Aug. 4, 2021) (citing Fed. R. Civ.

P. 60(e); *Morgan*, 346 U.S. at 505 n.4); *see also United States v. Christensen*, Crim. No. 14-8164, 2021 WL 185050, at *1 n.1 (D. Az. Jan. 19, 2021) (citations omitted) (noting defendant properly filed his *coram nobis* petition in his criminal case because a *coram nobis* petition is a step in the original criminal proceedings). Petitioner is free of course to file a petition for writ of error *coram nobis* in the federal criminal action should he elect to do so.

Accordingly, Petitioner's § 2255 motion is summarily dismissed. Because Petitioner filed this action as a § 2255 motion, this Court must also analyze whether to grant a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner fails to show that he is entitled to a COA is warranted in this action.

For the foregoing reasons, Petitioner's § 2255 motion is summarily denied and a certificate of appealability shall not issue. An appropriate order will be entered.

DATED:  May 31, 2022

                                                                           s/ Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge